FILED

2011 Apr-07  PM 03:14
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## MIDDLE DIVISION

| | |
|---|---|
| **WILETTE PAULINE OXNER,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) **Case No.: 4:11-CV-415-VEH** |
| | ) |
| **ERIKA VALENCIANO GAMBOA,** | ) |
| **et al.,** | ) |
| | ) |
| **Defendants.** | ) |

---

## MEMORANDUM OPINION

### I.     Introduction

Plaintiff Wilette Pauline Oxner ("Ms. Oxner") initiated this personal injury case against Defendants Erika Valencianco Gamboa ("Ms. Gamboa") and Ramon Aguilar Monlina ("Mr. Monlina")[1] on February 7, 2011.  (Doc. 1).  Pending before the court is Ms. Gamboa's Motion to Dismiss (Doc. 9) (the "Motion") filed on March 15, 2011.  The Motion seeks a dismissal based upon lack of subject matter jurisdiction, personal jurisdiction, and improper venue.  (*See generally id.*).

---

[1] CM/ECF reflects that a summons was returned unexecuted on Mr. Monlina as signified by the certified mail receipt filed in by the Clerk of the Court on February 25, 2011.  (Doc. 8).  No evidence of any subsequent efforts to serve Mr. Monlina appear in the record.

Ms. Oxner filed her opposition (Doc. 10) to the Motion on March 23, 2011. The deadline for Ms. Gamboa to file her reply ran on April 5, 2011, and she chose not to do so. Accordingly, the Motion is now under submission and, for the reasons explained below, is due to be granted as modified herein and otherwise is due to be denied.

## II.    Standards

### A.    Rule 12(b)(1)

As the Eleventh Circuit has explained the standard on motions to dismiss for lack of subject matter jurisdiction:

> Attacks on subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) come in two forms. "Facial attacks" on the complaint "require[ ] the court merely to look and see if [the] plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in his complaint are taken as true for the purposes of the motion." *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir.), *cert. denied*, 449 U.S. 953, 101 S. Ct. 358, 66 L. Ed. 2d 217 (1980) (citing *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977)). "Factual attacks," on the other hand, challenge "the existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings, such as testimony and affidavits, are considered." *Id.*

> These two forms of attack differ substantially. On a facial attack, a plaintiff is afforded safeguards similar to those provided in opposing a Rule 12(b)(6) motion-the court must consider the allegations of the complaint to be true. *Williamson v. Tucker*, 645 F.2d 404, 412 (5th Cir.), *cert. denied*, 454 U.S. 897, 102 S. Ct. 396, 70 L. Ed. 2d 212 (1981). But when the attack is factual, the trial court may proceed as it

never could under 12(b)(6) or Fed. R. Civ. P. 56.  Because at issue in a factual 12(b)(1) motion is the trial court's jurisdiction-its very power to hear the case-there is substantial authority that the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case.  In short, no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims.

*Id.* at 412-13 (quoting *Mortensen*, 549 F.2d at 891).

*Lawrence v. Dunbar*, 919 F.2d 1525, 1528-29 (11th Cir. 1990).   Here, the jurisdictional attack by Ms. Gamboa is facial.

**B.     Rule 12(b)(2)**

In *Madara v. Hall*, 916 F.2d 1510 (11th Cir. 1990), the Eleventh Circuit described the framework for evaluating personal jurisdiction challenges under Rule 12(b)(2) of the Federal Rules of Civil Procedure:

When a district court does not conduct a discretionary evidentiary hearing on a motion to dismiss for lack of jurisdiction, the plaintiff must establish a *prima facie* case of personal jurisdiction over a nonresident defendant.  *Morris v. SSE, Inc.*, 843 F.2d 489, 492 (11th Cir.1988).  A *prima facie* case is established if the plaintiff presents enough evidence to withstand a motion for directed verdict.  *Id.*  The district court must accept the facts alleged in the complaint as true, to the extent they are uncontroverted by the defendant's affidavits.  *Id.*  Finally, where the plaintiff's complaint and the defendant's affidavits conflict, the district court must construe all reasonable inferences in favor of the plaintiff. *Id.*

The determination of personal jurisdiction over a nonresident defendant requires a two-part analysis. *Cable/Home Communication*

3

*Corp. v. Network Productions, Inc.*, 902 F.2d 829, 855 (11th Cir.1990); *Alexander Proudfoot Co.*, 877 F.2d at 919.  First, we consider the jurisdictional question under the state long-arm statute.  *Cable/Home Communication Corp.*, 902 F.2d at 855; *Alexander Proudfoot Co.*, 877 F.2d at 919.  If there is a basis for the assertion of personal jurisdiction under the state statute, we next determine whether sufficient minimum contacts exist to satisfy the Due Process Clause of the Fourteenth Amendment so that "maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'"

*Madara*, 916 F.2d at 1514 (emphasis added) (citations omitted).

### C.    28 U.S.C. § 1406

Regarding improper venue, § 1406 provides in relevant part that:

**(a)**  The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or <u>if it be in the interest of justice, transfer such case to any district or division in which it could have been brought</u>.

28 U.S.C. § 1406(a) (emphasis added).

## III.   Analysis

### A.    Subject Matter Jurisdiction

It is apparent from Ms. Oxner's complaint that she bases this court's subject matter jurisdiction upon 28 U.S.C. § 1332, the diversity statute.  "Diversity jurisdiction exists where the suit is between citizens of different states and the amount in controversy exceeds the statutorily prescribed amount, in this case $75,000."  *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001) (citing 28 U.S.C. §

1332(a)).

Consistent with the diversity statute, Ms. Oxner alleges that she is a resident of Alabama and that both Defendants are residents of North Carolina. (Doc. 1 ¶ 1). She further asserts that "[j]urisdiction exists due to diversity ... and the amount of controversy[.]" (*Id.* ¶ 5). Finally, Ms. Oxner expressly demands a "judgment in excess of $75,000.00[.]" (*Id.* at 1).

In contesting subject matter jurisdiction, Ms. Gamboa indicates that Ms. Oxner "has made a demand on the liability carrier for the Defendants for the amount of their policy limits (which is $50,000.00)" and, as a result, denies "that the amount in controversy is $75,000.00, or greater." (Doc. 9 ¶ 4). Ms. Gamboa does not dispute satisfaction of § 1332's diversity requirement.

In *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283 (1938), the United States Supreme Court enunciated the "legal certainty" standard applicable in diversity cases when a plaintiff pleads a sum certain that meets or exceeds the amount in controversy threshold:

> The intent of Congress drastically to restrict federal jurisdiction in controversies between citizens of different states has always been rigorously enforced by the courts. The rule governing dismissal for want of jurisdiction in cases brought in the federal court is that, unless the law gives a different rule, the sum claimed by the plaintiff controls if the claim is apparently made in good faith. It must appear to a legal certainty that the claim is really for less than the jurisdictional amount

> to justify dismissal.  The inability of plaintiff to recover an amount adequate to give the court jurisdiction does not show his bad faith or oust the jurisdiction.  Nor does the fact that the complaint discloses the existence of a valid defense to the claim.  But if, from the face of the pleadings, it is apparent, to a legal certainty, that the plaintiff cannot recover the amount claimed or if, from the proofs, the court is satisfied to a like certainty that the plaintiff never was entitled to recover that amount, and that his claim was therefore colorable for the purpose of conferring jurisdiction, the suit will be dismissed.  Events occurring subsequent to the institution of suit which reduce the amount recoverable below the statutory limit do not oust jurisdiction.

*Red Cab*, 303 at 288-90 (emphasis added) (footnotes omitted); *see also St. Tammany Bank & Trust Co. of Covington, La. v. Winfield*, 263 F. 371, 372 (5th Cir 1920) ("The amount, in good faith, claimed in plaintiff's pleadings, will fix the jurisdiction, unless it appear clearly from the whole record that the plaintiff could not legally recover the jurisdictional amount.") (emphasis added) (cited with approval in *Red Cab*, 303 U.S. at 289 n.14).[2]

Ms. Gamboa has offered no proof to establish that all Ms. Oxner is able to legally recover in this lawsuit is $75,000.00 or less.  Moreover, in challenging subject matter jurisdiction, Ms. Gamboa seems to obfuscate the issue of whether Ms. Oxner may legally obtain a judgment in excess of $75,000.00 against Defendants with the entirely separate consideration of whether Ms. Oxner would be able to satisfy such

---

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

a judgment.

To be clear, satisfaction of the amount in controversy requirement in the context of the *Red Cab* test does not turn upon the financial status of the defendant or other matters of collectibility.  *Id.*, 303 U.S. at 289 (explaining that a plaintiff's "inability to recover an amount adequate to give the court jurisdiction" is not germane to the jurisdictional inquiry).  Accordingly, as it does not "appear to a legal certainty that [Ms. Oxner's] claim is really for less than the jurisdictional amount[,]" *Red Cab*, 303 U.S. at 289, that portion of Ms. Gamboa's Motion which seeks a dismissal for lack of subject matter jurisdiction is due to be denied.

### B.     Personal Jurisdiction and Venue

Despite having the burden to do so, Ms. Oxner makes no allegations about personal jurisdiction or venue in her complaint.  (*See generally* Doc. 1).  Moreover, in her response to the Motion she does not contest these issues.  Instead, Ms. Oxner's indicates that "Defendant has a right to change of venue if requested, but no right of dismissal."  (Doc. 10 at 1).

In *Aguacate Consol. Mines, Inc. of Costa Rica v. Deeprock, Inc.*, 566 F.2d 523 (5th Cir. 1978), the Eleventh Circuit summarized the scope of a district court's power to transfer a case pursuant to § 1406(a) as determined by the United States Supreme Court:

Aguacate sought removal to Alabama from Georgia on the authority of 28 U.S.C. s 1406(a).  In *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 82 S. Ct. 913, 8 L. Ed. 2d 39 (1962), <u>the Supreme Court approved transfer under s 1406(a) even if both proper venue and personal jurisdiction were lacking</u>.  Finding that Congress enacted s 1406(a) to remove obstacles that impede expeditious and orderly adjudication, <u>the Court refused to limit transfers that comported with "the interest of justice" by imposing the nonstatutorily required barrier of personal jurisdiction</u>.

*Deeprock*, 566 F.2d at 524 (emphasis added) (footnote omitted); *see also Goldlawr*, 369 U.S. at 466 ("The language of § 1406(a) is <u>amply broad enough to authorize</u> the transfer of cases, however wrong the plaintiff may have been in filing his case as to venue, whether the court in which it was filed had personal jurisdiction over the defendants or not.") (emphasis added). Therefore, even in the absence of proper venue <u>and</u> personal jurisdiction, this court, pursuant to § 1406(a), has the power to transfer this case to such district and division in which venue would be proper and personal jurisdiction would exist if to do so would be "in the interest of justice."  *Id.*

Under the circumstances of this case, the court concludes that a transfer for want of proper venue (and personal jurisdiction) is appropriate as opposed to a dismissal as requested by Ms. Gamboa.  Additionally, Ms. Gamboa has offered nothing in her briefing which suggests, much less persuades, this court that a transfer would not be in the interest of justice. Therefore, the court modifies Ms. Gamboa's Motion to alternatively request as relief a transfer of this lawsuit to a jurisdiction in

which it properly could have been brought.

In her Motion, Ms. Gamboa admits that she and Mr. Monlina "are both residents of Monroe[,] North Carolina." (Doc. 9 at 1). Additionally, Ms. Gamboa concurs that the accident which is the subject of Ms. Oxner's suit occurred in Monroe, North Carolina. (Doc. 1 ¶ 2). Thus, venue and personal jurisdiction exist in the federal forum which encompasses Monroe, North Carolina. *See* 28 U.S.C. § 1391(a) ("A civil action wherein jurisdiction is founded only on <u>diversity</u> of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district <u>where any defendant resides</u>, if all defendants reside in the same State, (2) <u>a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred</u>, or a substantial part of property that is the subject of the action is situated, or (3) . . . .") (emphasis added).

The court takes judicial notice that Monroe, North Carolina, is located in Union County, North Carolina, and that Union County is part of the Charlotte Division of the United States District Court for the Western District of North Carolina. *See* http://www.ncwd.uscourts.gov/CourtInformation/Offices.aspx (accessed on Mar. 29, 2011). Accordingly, proper venue and personal jurisdiction with respect to this personal injury action against Defendants both exist in the Charlotte Division of the Western District of North Carolina.

9

## IV.    Conclusion

Therefore, for the reasons explained above, the Motion is due to be granted as modified herein and is otherwise due to be denied.  The court will enter a separate order transferring this case to the Charlotte Division of the Western District of North Carolina pursuant to § 1406(a).

**DONE** and **ORDERED** this the 7th day of April, 2011.

**VIRGINIA EMERSON HOPKINS**
United States District Judge